**Daniel B. SOUTHARD, Plaintiff,**

v.

**Margaret F. SOUTHARD, also known as Margaret F. Graham, Defendant.**

United States District Court
S. D. New York.
Nov. 3, 1961.

Francis C. Dale, Cold Spring, N. Y., Warren L. Boulanger, Cold Spring, N. Y., of counsel, for plaintiff.

Davies, Hardy & Schenck, New York City, John W. Burke, Thomas T. Adams, New York City, of counsel, for defendant.

McGOHEY, District Judge.

The defendant moves to dismiss this suit for declaratory judgment on the ground that the court lacks, or in its discretion should decline to exercise, jurisdiction over the subject matter.

The complaint, a lengthy document, makes the following allegations which for present purposes are taken as true. Daniel and Margaret Southard were married in 1935 and had three children, Daniel, Gloria and Suzanne. In 1942 they became residents of Connecticut. They separated in 1955 and entered into a separation agreement in 1956. Daniel Southard, the plaintiff in the instant suit, became a resident of Nevada in January 1956 and, on April 24, 1956, obtained a decree of absolute divorce in the Second Judicial District Court of Nevada. The decree recited that Margaret Southard had been personally served and had entered a general appearance. The aforementioned separation agreement was incorporated into the divorce decree. Daniel Southard married Nellie Catherine Black in California in May 1956, and the latter died in June 1958. He then, in November 1958, married Micheline Renaux.

In July 1959, Daniel and Margaret Southard entered into what purports to be an agreement modifying their earlier agreement of March 28, 1956. This writing makes no reference to the Nevada divorce decree, nor to the incorporation in that decree of the agreement sought to be modified. Nevertheless, by this agreement Daniel Southard conveyed his interest in certain Connecticut realty to Margaret, and Margaret waived her right to support payments for the benefit of the son, Daniel. Daniel Southard returned to Nevada (apparently from Connecticut) in September 1959, and there moved for an order modifying the aforementioned Nevada divorce decree in certain respects. On October 5, 1959, the Nevada Second Judicial District Court issued an order granting the custody of the child Suzanne to the father and relieving the latter from making support payments for the benefit of said child. The decree recited that Daniel and Suzanne Southard had appeared in the proceeding, and that Margaret Southard had not appeared but had been personally served in Connecticut. On March 23, 1960, Margaret Southard instituted an action for an absolute divorce in the Superior Court of Connecti-

cut, Fairfield County. On May 6, she moved for temporary alimony, and on May 27 the Superior Court made an award of $400 per month for temporary alimony and support. Plaintiff alleges that the Nevada decrees previously issued "were specifically brought to the attention" of the Connecticut court. However, since no papers or other record of these or later proceedings in Connecticut are before us, we cannot speculate on how the question was presented or what consideration was given it. In any event, a decree of absolute divorce was granted, allegedly on default, in Connecticut on December 22, 1960. It is not clear what alimony provision was made, except for a payment of $150 per month for the benefit of the child, Suzanne, until December 31, 1970, when she will reach majority. Custody of the child was given to the mother. Daniel Southard, then a resident of New York, went back to Nevada and, on January 30, 1961, the Nevada court further modified its earlier decrees by granting custody of Daniel, junior to the father and reducing to $150 per month the alimony payable to the wife. On the same day, Daniel, senior was served in Nevada with papers on Margaret Southard's motion, in Connecticut, to attach his salary. A writ of execution issued on February 24, 1961 commanding Daniel, senior's employer to withhold $425 per month for past and future alimony payable to Margaret Southard. From the defendant's memorandum on this motion it appears that Margaret Southard remarried on August 19, 1961.

The plaintiff urges that the Connecticut Superior Court failed to give full faith and credit to the Nevada decrees; and that it deprived him of the custody of his children and of property, consisting of the difference between the alimony and support provisions of the several decrees, without due process. He seeks a declaration by this court that the Connecticut decree is invalid, that the Nevada decrees are valid, and other incidental relief, including damages.

■■ The plaintiff has made no effort to reopen the Connecticut default, if such indeed it was. On argument his counsel protested that the "terms" on which Connecticut would allow the plaintiff to do so were "too harsh." Nor has any form of appeal from the Connecticut decree been taken or attempted. However, appeal and not a declaratory judgment suit in a federal court, is surely the manner in which review of the Connecticut decree should be sought at this time. The necessity of pursuing the normal state procedures for review is neither diminished nor eliminated by the allegation of the existence of a constitutional issue. This is no more than a separate ground for appeal, as in Williams v. State of North Carolina;[1] Armstrong v. Armstrong;[2] Vanderbilt v. Vanderbilt.[3] The considerations present here are similar to those which require an exhaustion of state remedies in criminal proceedings before recourse to federal intervention by a writ of habeas corpus. Ex parte Royall;[4] Darr v. Burford.[5]

In Sutton v. Leib,[6] cited by the plaintiff, the situation was quite different. That was an action to recover sums allegedly past due under a decree which all parties conceded to be valid. The instant case presents a direct attack upon an outstanding state decree which, for all that appears, is still open to review in the state court.

The motion to dismiss the complaint is granted.

So Ordered.

1. 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577.

2. 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705.

3. 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456.

4. 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868.

5. 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

6. 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 448.